# Davidson Township Poor District, Appellant, *v.* Shrewsbury Twp. Poor Dist.

*Poor law—Settlement—Liability to support pauper having no settlement in Pennsylvania.*

Where a poor person having no settlement in Pennsylvania, is injured in one township; and two years thereafter for the first time requires public aid in another township, the latter poor district is liable for his care.

Argued Feb. 29, 1916. Appeal, No. 26, Feb. T., 1915, by plaintiff, from order of Q. S. Sullivan Co., Dec. T., 1914, No. 3, quashing order of removal, in case of Davidson Township Poor District v. Shrewsbury Township Poor District. Before ORLADY, P. J., HEAD, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal from order of removal.

TERRY, P. J., filed the following opinion:

This is an appeal by the Poor District of Shrewsbury Township from an order directing the removal of Albert J. Upright, a poor person, from Davidson Township Poor District to the said Shrewsbury District.

From the testimony we find the following facts:

1st. Albert J. Upright, aged about 55 years, was employed as a woodsman by Hon. C. W. Sones part of the time during the years 1909, 1910, 1911 and 1912, in said Sones's lumbering operations in the Townships of Shrewsbury and Forks, Sullivan County, Pa. While so employed Upright stayed and was furnished meals and lodging at the camps maintained in said townships by his employer. Said camps were temporary and changed from place to place as the work required.

2d. The said Albert J. Upright worked for said Sones, and boarded in the camps aforesaid as follows:

In 1909: January, 22 days; May, 11¼ days; July, 1½ days; August, 26½ days; September, 11 days; October, 25 days; November, 17¾ days; December, 15½ days.

In 1910: June, 8½ days; July, 18½ days; September, 16 days; October, 24½ days; November, 23 days; December, 15 days.

In 1911: May, 4¾ days; June, 25½ days; July, 17 days; August, 15½ days; November, 14½ days; December, 16 days.

In 1912: January, 13¾ days; February, 22¾ days; March 21½ days.

In June, 1912, Upright worked some for a man named Nolan in Shrewsbury Township District. It does not appear with certainty how much of the time above specified Upright worked in Shrewsbury District.

3d. When not at work, Upright did not remain in the camp, but was gone, sometimes a month or more.

4th. It has not been shown what wages or pay Upright received in said employment.

5th. Said Upright, at an earlier period, had lost the sight of one eye, and in June, 1912, while working for Nolan, in Shrewsbury Poor District, Upright met with an accident which injured his other eye and he became totally blind and disabled for work.

6th. Upon receiving the injury mentioned in the pre-

ceding paragraph said Upright went to a hotel in Davidson Township District, where he was cared for, but under what arrangement was not proven. Nor does it appear whether he had any money or means of his own to pay for such care. He remained at the hotel for some time, then going to hospitals, and finally returning to said hotel in Davidson in June, 1913, where he stayed until April, 1914,—the time of the obtaining of the order of relief in evidence in the case, mentioned in the next paragraph.

7th. On the 17th of April, 1914, an order of relief was issued directed to the overseers of the poor of Davidson District, requiring them to take and care for said Upright.

8th. On the 8th of September, 1914, an order was made directing the overseers of the poor of Davidson District to remove Upright to Shrewsbury District, and commanding the overseers of the poor of the latter district to receive and look after him, which they did and he has since been cared for by the overseers of the poor of Shrewsbury District.

9th. It has not been satisfactorily shown that said Upright had a legal settlement anywhere in Pennsylvania prior to the accident making him totally blind.

### CONCLUSIONS OF LAW.

1. That the said Albert J. Upright had no legal settlement in Shrewsbury Township Poor District, and is not chargeable to said district.

2. That said Upright first became a subject for relief in Davidson Township Poor District and is, therefore, under the circumstances of the case, chargeable to said Davidson District.

3. That the order of removal in this case should be quashed and set aside and the overseers of the poor of Davidson District be required to take and care for said Upright as a charge upon said Davidson District.

4. That the costs of the case and charges properly allowable be paid by Davidson Township Poor District.


OPINION.


From the testimony in this case it does not appear that Albert J. Upright had acquired a legal settlement in Pennsylvania prior to his injury resulting in his total blindness.   Nothing definite concerning his home before he began working in the lumber camps of Senator Sones, was ascertained.   It was not shown with certainty how much of the time during his employment in such camps that he spent in Shrewsbury Township Poor District. It does appear that a part of such time he worked in Forks Township.   Moreover, the nature of his employment, with the changes in his abiding places due to the removal of the camps where he stayed while so employed, was such, that, under the law, he gained no settlement in Shrewsbury District: Overseers of Bradford Township v. Overseers of Huston Township, 15 Pa. C. C. R. 323; Noyes Twp. Poor Dist. v. Chapman Twp. Poor Dist., 21 D. R. 667.

It is true he was injured in Shrewsbury District, and if it had been that he then become chargeable, in consequence, as a poor person, that district would be required to care for him upon the authority of such cases of Overseers of Taylor v. Overseers of Shenango, 114 Pa. 394. But according to the testimony, Upright's status as a pauper was first fixed in April, 1914, nearly two years following the accident which disabled him.   A portion of that time he was out of Sullivan County, returning to the Davidson District.   The order of relief, preceding the order of removal, was issued to the overseers of Davidson District because he was then in that district and in need.   There is nothing in the testimony showing that Upright, prior to the order of relief, had no means of his own, nor how or by whom he was supported.   For all that appears he may have, himself, paid for his care.

As, therefore, Upright, according to the testimony, first required public aid in Davidson District, almost two years after his accident, we think the case must be decided adversely to Davidson District upon the authority of the cases holding that the district in which a poor person first becomes a fit subject for relief, must provide the same—the cases which are invoked here against Shrewsbury District, among which is that of Overseers v. Overseers, 114 Pa. 394, already cited. It seems to us that the period of time between Upright's accident in the Shrewsbury District and the date when he, by the order of relief, became chargeable in the Davidson District as a poor person, was so long, that under the testimony submitted to us, we would not be warranted in holding Shrewsbury District liable.

Accordingly, the order of removal is quashed and set aside and the overseers of Davidson District are directed to take the said Albert J. Upright and care for him, according to law.

The proper costs and charges in this proceeding to be paid by Davidson Poor District, and if they cannot be agreed upon they will be ascertained and fixed by the court.

*Error assigned* was the order of the court.

*E. J. Mullen,* for appellant.

*John G. Scouton,* for appellee.

PER CURIAM, April 17, 1916:

The legal propositions urged by the appellant in its assignments of error, are fully considered and correctly disposed of in the opinion filed in the court below by Judge TERRY, and for the reasons therein given, the decree is affirmed.